UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH SHELTON, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV00359 ERW (AGF) |
| ) | |
| JAMES D. PURKETT, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Audrey G. Fleissig [doc. #21] pursuant to 28 U.S.C. § 636(b). Petitioner has filed Objections to the Report and Recommendation [doc. #24]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I. BACKGROUND FACTS**

Petitioner was tried in the City of St. Louis Circuit Court on the charges of first degree robbery, armed criminal action, first degree burglary, and armed criminal action. Prior to the trial in that matter, a number of motions in limine were presented to the state trial court judge. Specifically, Petitioner requested that any reference to Petitioner's prior drug purchases, from the victims of the alleged crime, be excluded. The trial court judge sustained the Petitioner's motion, stating that "selling drugs is out." State Court Proceedings, Cause No. 001-0873, Trial Tr. p. 15. During the trial proceedings, at the close of the state's case-in-chief, the state moved to have

1

State's Exhibits #1-9 admitted into evidence. *Id.* at 366. Petitioner's trial counsel did not object to the state's request, and the exhibits were admitted. *Id.* at 367.

Following the completion of the trial, the case was submitted to the jury. Without counsel for either the State or the Defendant being present, the state court judge entertained a question received from the jury. The question was read by the judge: "Can we see all the evidence shown to the witnesses, in parentheses, especially the police report and Marcus Hughes' written statement." State Court Proceedings, Cause No. 001-0873, Trial Tr. p. 421-422. The Court then stated: "The court will allow for the jury's consideration State's Exhibits 3, 4, 5, 6, 7, 8, and 9." *Id*. at 422. State's Exhibit #8 was a statement made by Marcus Hughes, who was arrested for his involvement in the same crimes in which Petitioner was allegedly involved. The robbery and burglary that were charged against both Petitioner and Mr. Hughes, involved the entrance into a home owned by Michael and Michelle Emily. Both Michael and Michelle testified that there were two individuals who entered the home and who robbed them. The Petitioner was not one of the two individuals identified by the Emily's. This provides context for the written statement that was made by Mr. Hughes, and which was objected to by the Petitioner. It stated: "The reason why the people didnt [sic] see pop was because he stayed in the kitchen because they knew him from buying dope from them." State's Exhibit #8, p.2. The Petitioner was allegedly the third individual involved in the robbery, referred to by Marcus Hughes as Pop, and the alleged mastermind behind the crime.

## II. PROCEDURAL HISTORY

The Petitioner was tried and found guilty on all four counts charged. In the process of the trial before the state court, the jury was permitted to see a state exhibit which contained references to the Petitioner purchasing drugs from the victims. Following the return of a guilty

verdict on all four counts, Petitioner's counsel moved for a mistrial, on the basis that the publication to the jury of the written statement was prejudicial, as it contained inadmissible evidence of Petitioner's prior bad acts and bad character. Petitioner's trial counsel did not raise an objection based on the Sixth Amendment right to have counsel present at all stages of the proceedings. Petitioner's motion for a mistrial was denied.

Petitioner filed a direct appeal, in which he again challenged the publication of the written statement to the jury. On direct appeal, he challenged the publication on the basis that it was inadmissible evidence of a prior bad act, and on the basis that it violated Petitioner's right to have counsel present at all critical stages of the proceeding.[1] Petitioner's second argument before the Missouri Court of Appeals, that the publication violated his right to have counsel present, was reviewed for plain error only, because Petitioner had failed to preserve the mater for review by objecting on this basis at trial. Without addressing the presumption of prejudice that exists when challenging the denial of counsel at a critical stage of the trial proceedings, the Missouri Court of Appeals denied Petitioner's appeal, and affirmed the trial court ruling. In reaching this decision the Missouri Court of Appeals relied on state evidence rules, which state that once an item has been admitted into evidence without objection, it is not improper to then publish those documents to the jury. *Missouri v. Shelton*, Case No. ED79153, 3 (Mo. Ct. App., December 11, 2001). "Therefore, the exhibit would have been appropriate for the jury to see if counsel was present during the jury's request." *Id.* The Missouri Court of Appeals also concluded that the reference to the uncharged crime was "brief and inadvertent." *Id.*

Petitioner then sought state post-conviction relief. In his request for post-conviction relief, Petitioner argued ineffective assistance of trial counsel, for failing to raise the Sixth

---

[1] The first basis challenged on direct appeal is not at issue in the pending habeas petition.

3

Amendment argument before the trial judge at the time trial counsel first became aware of the publication. Petitioner's argument on post-conviction relief was summarized by the state district court as follows:

> [T]hat had trial counsel been present he could have learned of his earlier error in failing to object to the admission of Exhibit 8 and moved to redact those portions of it that contained the prejudicial references to movant before the jury saw Exhibit 8 in its entirety and before any prejudice to movant attached, and that but for the Court giving the jury Exhibit 8 containing references to uncharged prior bad acts allegedly committed by movant the jury would have acquitted him of the charges against him.

*Shelton v. State of Missouri*, PCR No. 02P-4241, *3 (E.D. Mo., April 28, 2003). The trial court concluded that this issue was raised on direct appeal, and denied by the state court of appeals, and therefore no further review was required. *Id.* at *4. The trial court also held that "even if error occurred, there is no reasonable probability that the result of the trial would have been different . . . ." *Id.* Also, Petitioner again raised a claim of ineffective assistance of counsel based upon trial counsel's failure to object to the admission of State's Exhibit 8 into evidence. The state trial court also denied this ground for post conviction relief. The Missouri Court of Appeals summarily affirmed the trial court's order on Petitioner's motion for state post-conviction relief.

Petitioner has filed suit under 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Magistrate Judge addressed three grounds for relief raised in Petitioner's petition: (1) the trial court sent an exhibit, which contained a reference to an uncharged crime committed by Petitioner, to the jury without giving prior notice to defense counsel, thereby depriving Petitioner of his right to counsel at a critical stage of the trial; (2) defense counsel rendered ineffective assistance in failing to move for a mistrial based upon the denial of Petitioner's right to counsel, when counsel learned that the court had sent the exhibit in question to the jury; and (3) the state post-conviction courts did not address one of the claims raised in Petitioner's motion for post-conviction relief - namely, claim (2) above. The Court will address each of Petitioner's grounds for relief, in turn.

4

## II. STANDARD OF REVIEW

In order to raise a claim in a federal habeas petition, a prisoner must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A) & (c); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

If a claim was considered before the state court on its merit, then to get relief the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted). This Court must determine whether the state court's decision was objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

## III. DISCUSSION[2]

---

[2]The Report and Recommendation contains an excellent analysis of the statute of limitations for filing a motion under 28 U.S.C. § 2254, and as no objection has been made to the

## A. SIXTH AMENDMENT VIOLATION

Petitioner argues that he was denied the right to counsel at a critical stage of the proceedings, in violation of his Sixth Amendment right. This claim was not raised by Petitioner's trial counsel, however, it was raised by Petitioner's direct appeal counsel, and was reviewed by the state court of appeals for plain error. The state appellate court concluded that Petitioner was not prejudiced by the trial court's error in allowing the jury to see statements of Petitioner's prior bad acts. However, neither the state court of appeals on direct appeal, nor the state trial court on collateral review, addressed the presumption of prejudice articulated by federal case law. Federal law holds that if the there are communications between the trial judge and the jury, without the presence of counsel, then this is a violation of the Sixth Amendment right to counsel, and prejudice to the Defendant is presumed. *Stewart v. Nix*, 972 F.2d 967, 971 (8th Cir. 1992). Before the Court determines whether Petitioner can succeed on his denial of right to counsel claim, the Court must determine whether this claim was procedurally defaulted. The Court must then determine whether the state court ruled on the merits of Petitioner's claim, and if so, whether the state court decision was objectively unreasonable. 28 U.S.C. § 2254(d)(1)-(2).

A claim is procedurally defaulted if Petitioner fails to raise it before the trial court. *See Coleman*, 501 U.S. at 750. However a claim is not procedurally barred if it was raised on direct appeal. *James v. Bowersox*, 187 F.3d at 869. ("The issue is not procedurally barred because it was raised on direct appeal."). "[W]hen a state court reviews for plain error, we [the Eighth Circuit] may also review for plain error." *Hornbuckle v. Groose*, 106 F.3d 253, 257 (8th Cir. 1997). The plain error standard allows this Court to review the trial court's actions "for plain

---

Magistrate Judge's determination that Petitioner's motion was timely; the Court will not address that issue here.

error resulting in manifest injustice." *Id.* Petitioner did not raise his claim of a Sixth Amendment violation in his petition for a mistrial or for a new trial before the trial court, however, he did raise it before the state appellate court. Therefore, in accordance with Eighth Circuit precedent, the Court will consider Petitioner's claim under the plain error standard, that is, did the error result in a manifest injustice.

The Court next addresses whether the state court made a determination on the merits, such that the standard articulated in 28 U.S.C. § 2254(d)(1)-(2) is applicable. The Missouri Court of Appeals clearly held that there was no prejudice to the Petitioner as a result of the trial court's violation of Petitioner's Sixth Amendment right to have counsel present. However, the Missouri Court of Appeals did not address the presumption of prejudice articulated by federal law. Notwithstanding the court of appeals failure to address the applicable standard, the Court concludes that a decision on the merits was made, and therefore, this Court reviews that decision to determine whether it was contrary to clearly established federal law, such that it was objectively unreasonable.[3] *Williams*, 529 U.S. at 409.

There is no dispute that the trial court erred in failing to notify and consult with trial counsel before publishing exhibits to the jury during deliberations. *See Stewart*, 972 F.2d at 971. "The Fifth and Sixth Amendments protect a criminal defendant's right to be present at all stages of the trial, and a trial court must provide the defense attorney with notice and a meaningful opportunity to object before responding to a question asked by the jury once deliberations begin."

---

[3] The trial court, on Petitioner's state motion for post-conviction relief, found that the issue had been fully decided by the court of appeals, and that Petitioner had failed to show that the failure to object on sixth amendment grounds was prejudicial. The trial court also failed to mention the presumption of prejudice standard. However, the Court finds that this does not change the determination that the state court made a decision on the merits, for purposes of determining the appropriate deference to be given to the state court opinion.

7

*Id*. (internal citations omitted). Furthermore, "[c]ommunication between judge and jury in the absence of and without notice to the defendant creates a presumption of prejudice." *Id*.; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) ("'The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage.'" (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). This presumption may be overcome by "a clear indication of lack of prejudice." *Stewart*, 972 F.2d at 971.

The legal standards articulated above require this Court to determine whether the trial court's failure to advise defense counsel of its intention to publish certain documents to the jury created a manifest injustice, in light of the presumption of prejudice that is afforded such error, and if so, was the state court of appeals' decision, that such error did not create a manifest injustice, objectively unreasonable. The report and recommendation cited to two cases which found "a clear indication of lack of prejudice." *Stewart*, 972 F.2d at 971. In *United States v. Dockter*, the Eighth Circuit concluded that "the presumption of prejudice in this case has been overcome because the court's definition of 'knowingly' is at its core a correct statement of the law." 58 F.3d 1284, 1287-1288 (8th Cir. 1995). The second case cited is *United States v. Hood*, which held that a judge's response to a jury's request to see the trial transcript was harmless error. 593 F.3d 293, 298 (8th Cir. 1979). In *Hood*, the trial court told the jury that "[i]t is not possible to have the testimony transcribed for the jury's use. Because of the time and expense involved, transcripts are prepared only when a case is appealed." *Id.*

Petitioner, in his objections to the Report and Recommendation, argues that these two cases are not instructive, principally because unlike the information provided to the jury in the two cases cited above, this case involves factual information that should not have been provided to the jury. The Court agrees that the two cases cited by the magistrate are factually distinct. The court

8

in *Dockter*, provided the jury with a legal definition, and in *Hood*, the court provided the jury with the standard procedure regarding transcript preparation. *See Dockter*, 58 F.3d at 1287-1288; *Hood*, 593 F.2d at 298. In the present case, the jury was provided with information regarding Petitioner's prior involvement with drugs, after such evidence had been excluded from trial. Furthermore, the prosecutor had agreed that the information was not relevant to the crime with which Petitioner had been charged. Both the state court of appeals, and the state post-conviction court, agreed that the information should have been excluded from evidence. This is not a situation where the trial court provided the jury with accurate statements of the law, or of court procedure. The publication of the statement to the jury does not show a "clear indication of lack of prejudice." *United States v. York*, 830 F.2d 885, 895 (8th Cir. 1987); *see also Stewart*, 972 F.2d at 971. The evidence of Petitioner's guilt consisted mainly of his co-conspirator's testimony against him. When the jury requested to review the documents submitted into evidence, they specifically mentioned the hand-written statement made by Marcus Hughes. It was the written testimony of the co-conspirator which contained the inadmissible reference to Petitioner's prior drug purchases. All of the cases cited by the Magistrate Judge, and reviewed by this Court, involve communications which related to procedure, or legal statements, not the admission of factual evidence to the jury that had previously been excluded.

However, the critical fact, which was emphasized by the state court of appeals, and which is dispositive of the issue before this Court, is that Petitioner's counsel failed to object when the state moved to admit State's Exhibits #1-9 into evidence. Therefore, the court of appeals concluded that there was no prejudice, as any objection by Petitioner's counsel to the jury's request would have been futile. Specifically, the court of appeals found that under state law, all exhibits admitted into evidence may be published to the jury. The Court is not in a position to

9

challenge the state court's interpretation of state law, *see Osborne v. Purkett*, 411 F.3d 911, 917 (8th Cir. 2005), and therefore cannot conclude that the state court of appeal's decision was manifestly unreasonable. If the admitted evidence was accessible to the jury, then Petitioner's counsel's presence during the judge's decision on the jury's request would not have changed the outcome, and no prejudice could have occurred. While the Court is concerned that evidence of Petitioner's prior uncharged drug transactions was provided to the jury, following a ruling in *limine* that such information was to be excluded from trial, the state's procedural rules provide a basis for finding that such an action was not prejudicial.

Petitioner argues that he was denied access to counsel at a critical stage of the trial proceedings. The Court concludes that this ground was not procedurally defaulted, as it was reviewed on appeal by the Missouri Court of Appeals for plain error. The Missouri Court of Appeals concluded that the denial of Petitioner's Sixth Amendment right to counsel was not prejudicial. The Court finds that this conclusion was not objectively unreasonable, and therefore, habeas relief is not appropriate on Petitioner's first basis.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's second ground for relief is that he was denied effective of assistance of trial counsel, due to his trial counsel's failure to raise the Sixth Amendment argument before the trial court in Petitioner's motion for a mistrial and motion for a new trial. The Sixth Amendment argument has been thoroughly addressed above. The Magistrate Judge concluded that because there was no prejudice to the Petitioner by publishing the statement to the jury, there can be no basis for an ineffective assistance claim.

In *Strickland*, the United States Supreme Court held that in order to prove ineffective assistance of counsel, a petitioner is required to demonstrate both that counsel's performance was

deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that "counsel's deficient performance prejudiced the defense." 466 U.S. at 687. Under the first prong, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Additionally, when evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Under the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. To be awarded relief, petitioner must prove both prongs of the *Strickland* test. *Id*. at 697. The court may address the two prongs in any order, and, if the petitioner fails to make a sufficient showing on one prong, the court need not address the other prong. *Id*.; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

The Court will address the second prong of the *Strickland* test first, and determine whether "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner raises two arguments in support of this second prong. The first is that the trial court would have granted Petitioner's motion for a mistrial or motion for a new trial, had Petitioner's trial counsel raised the Sixth Amendment right to counsel argument in either motion. The Court is not persuaded by this argument, as Petitioner's trial counsel did object, after the verdict had been received, to the admission into evidence of Marcus Hughes' statement, and the trial judge held that this was not prejudicial to the Petitioner. This conclusion supports a finding that the trial court would have ruled similarly on a Sixth

11

Amendment claim, finding that Petitioner had failed to show that he was prejudiced by the denial of counsel.

Petitioner's second argument is slightly more sophisticated. Petitioner argues that by raising the claim before the trial court, it would have been preserved for appeal, and therefore the Missouri Court of Appeals would have used a less strict standard of review, and would have overturned the trial court's denial of Petitioner's motion for a mistrial and motion for a new trial. The court of appeals reviewed Petitioner's argument that the trial court denied him counsel in violation of the Sixth Amendment for plain error. If an error has been properly preserved, the court of appeals reviews the decision under the abuse of discretion standard. *See State v. Barnes*, 2008 WL 123850, at *6 (Mo. Ct. App. January 15, 2008) ("We review a trial court's decision to admit evidence for abuse of discretion."); *See also State v. Young*, 230 S.W.3d 30, 32 (Mo. Ct. App. 2007) ("Where the issue is preserved for appeal, we will review a trial court's decision . . . for an abuse of discretion. . . . Issues not preserved for appeal, however, are reviewed for plain error."). Under the abuse of discretion standard the court of appeals "[w]ill find an abuse of discretion only if the trial court ruling clearly offends the logic of the circumstance or appears arbitrary or unreasonable." *Young*, 230 S.W. at 32. The Court concludes that even had the Petitioner's claim been properly preserved for appeal, the outcome would not have changed. Due to the Missouri rule that any exhibit admitted during trial is publishable to the jury, there is no evidence that the court of appeals ruling would have been different had the standard of review been stricter. The Court recognizes that the trial court judge made an in *limine* ruling that the challenged evidence was not admissible, however, this, by definition, was not a final ruling. Petitioner's counsel's failure to object to the admission of the exhibits, at the close of the State's case-in-chief, proves fatal to Petitioner's ineffective assistance claim. The Court concludes that

12

regardless of the standard used by the Missouri Court of Appeals, the same result would have been reached.

Petitioner has failed to show that the second prong of the *Strickland* test has been satisfied; there is no evidence that if Petitioner's trial counsel had raised the Sixth Amendment argument Petitioner would have received a new trial. Petitioner has not shown that the second prong of *Strickland* is satisfied, and therefore there is no need to address whether Petitioner's trial counsel was deficient, the first prong of *Strickland*. Petitioner's second basis for habeas relief is denied.

### C. STATE POST-CONVICTION REVIEW

Petitioner's third ground for habeas relief is that the state post-conviction court failed to address Petitioner's ineffective assistance claim. For the same reason articulated above, under Petitioner's claim for ineffective assistance of counsel claim, Petitioner's final basis for habeas relief fails. The Court concluded that Petitioner has failed to show that the outcome would have been different had Petitioner's trial counsel raised the Sixth Amendment argument before the trial court, and therefore, the state post-conviction court's failure to address this argument has no impact on the final conclusion. An unsuccessful argument, whether addressed by the state post-conviction court or not, could not change the outcome of Petitioner's claim. Therefore, Petitioner's third basis for relief is also denied.

### IV. CONCLUSION

The Court concludes that Petitioner is not entitled to relief on any of the three bases raised in his petition for habeas corpus, thereby adopting the conclusion reached by the Magistrate Judge in his report and recommendation. However, to the extent that the above analysis differs from the

conclusions reached by the Magistrate Judge, the Court does not adopt those portions of the report.

The Court also considers whether a certificate of appealability is appropriate in this case. A certificate of appealability will issue if the petitioner makes a substantial showing of the denial of a constitutional right. A petitioner makes such a showing if he demonstrates that his petition involves issues which are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues are adequate enough to deserve encouragement to proceed further. *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002). The Court concludes that such a showing has been made in this case. There is no dispute that Petitioner was denied his right under the Sixth Amendment to have counsel present during the trial judge's communication with the jury. Furthermore, Petitioner makes a strong argument that the trial court's publication of Marcus Hughes' statement to the jury, which included information about uncharged prior drug crimes, was prejudicial. The procedural posture of this case makes success on a habeas petition challenging, however, the Court believes that Petitioner deserves encouragement to proceed, so as to allow the Eighth Circuit Court of Appeals to opine on the effect of the State Court's ruling, as well as the effect of Petitioner's trial counsel's failure to object to the admission of the exhibits into evidence, on Petitioner's Sixth Amendment right to counsel claim. Therefore, Petitioner is granted a certificate of appealability on grounds one and two of his petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kenneth Shelton, Jr.'s § 2254 Petition for Writ of Habeas Corpus [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** a Certificate of Appealability on grounds one and two of his Petition for Writ of Habeas Corpus.

Dated this 26th Day of March, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE